# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

Jerud Butler

     Plaintiff/Appellant

v.

Board of County Commissioners for
San Miguel County; Mike Horner, in
his individual capacity; and Kristl
Howard, in her individual capacity

     Defendants/Appellees

Case No. 18-1012

_____

On Appeal from the United States District Court for the District of Colorado
The Honorable Judge Wiley Y. Daniel
Case Number 17-cv-00577-WYD-GPG
_____

## APPELLANT'S REPLY BRIEF
_____

Nicholas W. Mayle, Esq.
Damon Davis, Esq.
Benjamin P. Meade, Esq.
Killian Davis Richter & Mayle, PC
202 North Seventh Street
Grand Junction, CO 81501
Telephone: (970) 241-0707
FAX: (970) 242-8375
E-mail: ben@killianlaw.com
Attorneys for Jerud Butler

Oral Argument is Requested

# TABLE OF CONTENTS

I.    This Court Cannot Consider the Written Reprimand ..................................1

    A.    Defendants Did Not File the Written Reprimand in the District Court or in This Court ...............................................1

    B.    In the Motion to Dismiss, Defendants Could Not Use Factual Allegations in the Written Reprimand to Resolve Disputed Factual Issues .......................................................4

II.   Butler's Truthful Court Testimony at a Child Custody Hearing was Speech on a Matter of Public Concern ...................6

    A.    The Tenth Circuit has Clearly Established that Truthful Court Testimony is Speech on a Matter of Public Concern ..........................................................6

    B.    In the Alternative, the Law is Clearly Established that Truthful Court Testimony about Child Custody is Speech on a Matter of Public Concern ...............................11

III.  Defendants Have Not Shown That Their Interest in Promoting Workplace Efficiency Outweighed Butler's Free Speech Interest ...........................................................................20

IV.   Conclusion ...............................................................................23

i

# TABLE OF AUTHORITIES

<u>Table of Cases:</u>

*AlNahhas v. Robert Bosch Tool Corp.*, 706 F. App'x 920 (10th Cir. 2017) ................................................................................ 3

*Bates v. Dep't of Corr.,* 81 F.3d 1008 (10th Cir. 1996) ................ 7

*Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545 (10th Cir. 1992) ..................................................................................... 2

*Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192 (10th Cir. 2007) ................................................................. 20

*Connick v. Myers*, 461 U.S. 138 (1983) .............................. 10

*Deutsch v. Jordan*, 618 F.3d 1093 (10th Cir. 2010) .......... 11, 19–20

*Estate of Lockett v. Fallin*, 841 F.3d 1098 (10th Cir. 2016) ...... 18

*Gee v. Pacheco*, 627 F.3d 1178 (10th Cir. 2010) .................... 4, 5

*Gelfand v. Cherry Creek Sch. Dist.*, 2009 WL 8757859 (D. Colo. No. 07-CV-01923-CMA-CBS, June 10, 2009) .................. 17

*Green v. Philadelphia Hous. Auth.*, 105 F.3d 882 (3d Cir. 1997) ........................................................................................ 19

*Jacobsen v. Deseret Book Co.*, 287 F.3d 936 (10th Cir. 2002) .... 4

*Johnston v. Harris Cty. Flood Control Dist.*, 869 F.2d 1565 (5th Cir. 1989) .................................................................... 9–10

*Kaluczky v. City of White Plains*, 57 F.3d 202 (2d Cir. 1995) .... 19

*Kerin v. Bd. of Educ.*, 860 P.2d 574 (Colo. App. 1993) .......... 12–14

*Langley v. Adams County, Colo.,* 987 F.2d 1473 (10th Cir. 1993) .......................................................................... 6–11, 18

*Lytle v. City of Haysville*, 138 F.3d 857 (10th Cir. 1998) ............ 8, 11

*Melton v. City of Oklahoma City*, 879 F.2d 706 (10th Cir. 1989)
(*Melton I*) ........................................................... 6, 9, 11, 20, 22

*Melton v. City of Oklahoma City*, 928 F.2d 920 (10th Cir. 1991)
(*Melton II*) .......................................................... 6

*Monsour's, Inc. v. Menu Maker Foods, Inc.,* 381 F. App'x 796
(10th Cir. 2010) ...................................................... 3

*Pro v. Donatucci,* 81 F.3d 1283 (3d Cir. 1996) ..................... 10

*Rohrbaugh v. Celotex Corp.,* 53 F.3d 1181 (10th Cir. 1995) ...... 7

*Strugss v. City of New York*, (E.D.N.Y. No. 12CV4396, May
31, 2013) .............................................................. 12, 14

*Sylvia v. Wisler*, 875 F.3d 1307 (10th Cir. 2017) ................... 5, 22

*Thompson v. Weyerhaeuser Co.*, 582 F.3d 1125 (10th Cir.
2009) .................................................................. 7

*Worrell v. Henry*, 219 F.3d 1197 (10th Cir. 2000) .............. 6–11, 20

*Wright v. Illinois Dep't of Children & Family Servs.*, 40 F.3d
1492 (7th Cir. 1994) ............................................... 16–18

*Wyatt v. Phila. Hous. Auth.*, 2016 WL 807755 (E.D. Pa. No.
15-2259, March 1, 2016) .......................................... 12, 14–15

Table of Statutes:

§ 14-10-104.5, C.R.S. (2018) ..................................... 17

§ 14-10-123.7, C.R.S. (2018) ..................................... 17

§ 14-10-124, C.R.S. (2018) ....................................... 17

§ 19-3-100.5, C.R.S. (2018) ............................................................17

Table of Other Authorities:

10th Cir. R. 27.3 .............................................................................2

10th Cir. 30.2 ..................................................................................2

Fed. R. Civ. P. 12 ...........................................................................

Michael Abramowicz and Maxwell Stearns, *Defining Dicta,* 57
Stan. L. Rev. 953 (2005) ................................................................7

## PRIOR OR RELATED APPEALS

None

# I. THIS COURT CANNOT CONSIDER THE WRITTEN REPRIMAND

Defendants argue that this Court should consider, not only the factual allegations in Butler's complaint, but also the factual allegations contained in the Written Reprimand that Defendants wrote and issued to Butler when they demoted him. *See* Answer Brief, pp. 4–5. This Court should not consider that document for two reasons. First, Defendants never filed the Written Reprimand in either the district court or this Court. Second, in support of a motion to dismiss for failure to state a claim, Defendants cannot use this extrinsic document to refute Butler's factual assertions in his complaint or to otherwise resolve disputed factual issues.

## A. DEFENDANTS DID NOT FILE THE WRITTEN REPRIMAND IN THE DISTRICT COURT OR IN THIS COURT

In the district court, Defendants' motion to dismiss said that the Written Reprimand was "attached as Exhibit A." Aplt. App. at 17. However, that statement was incorrect. As the civil docket reveals, the motion to dismiss did not have the Written Reprimand attached as an exhibit. *See* Aplt. App. at 4 (doc. 24, the motion to dismiss, does not have any attachments).

When ruling on the motion to dismiss, the district court "declined to review or consider the Written Reprimand," because the Written Reprimand was not necessary to the district court's analysis. Aplt. App. at 63.

Thereafter, Butler, as the appellant, filed an appendix with this Court that included the complaint, motion to dismiss, revised response, reply, order granting

the motion, final judgment, and notice of appeal.  *See generally* Aplt. App. 1–72.

However, because the Written Reprimand was not actually attached to the motion

to dismiss, Butler's appendix did not include that document.[1]

Defendants, as the appellees, did not make any effort to include the Written

Reprimand in the appellate record.  For example, they did not move for a remand

to the district court to add the Written Reprimand to the record.  *Cf.* 10th Cir. R.

27.3(A)(1)(c) (possibly allowing for such a motion).  They also did not file a

supplemental appendix.  *See* 10th Cir. 30.2(A)(1).

Instead, on appeal, Defendants chose to merely describe the Written

Reprimand in their answer brief, doing so for three full paragraphs, under the

header "Written Reprimand," without any record citations whatsoever.  Answer

Brief, pp. 4–5.

Under these circumstances, this Court should consider neither the Written

Reprimand itself or the three paragraphs in Defendant's answer that describe the

Written Reprimand.  In prior precedent, this Court has declined to review evidence

that was not before the trial court when rulings at issue were made.  *See Boone v.*

*Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1549 n.1 (10th Cir. 1992).  Even

more on point, this Court has declined to review a video that appellees neither

---

[1] It was not until Butler's counsel was working on the opening brief, and the
Appellate Appendix had already been printed and bound, that Butler's counsel
realized that the Written Reprimand was never attached to the motion to dismiss.

presented in the district court nor included as an appellate record in a supplemental appendix. *See AlNahhas v. Robert Bosch Tool Corp*., 706 F. App'x 920, 929 (10th Cir. 2017) (unpublished opinion). By that same reasoning, this Court should decline to review the Written Reprimand that Defendants, as appellees, neither presented in the district court nor included in the current appellate record in a supplemental appendix.

This Court should not be persuaded otherwise by Defendants' argument that "Mr. Butler repeatedly relies on the Written Reprimand for the facts that Mr. Butler and the other employee did not work in the same district and Mr. Butler was not that employee's supervisor." Answer Brief, pp. 4–5 n.2. Butler and Defendants agree that (1) he and the other employee did not work in the same district, and (2) Butler was not that employee's supervisor. *See* Opening Brief, p. 28; Answer Brief, p. 25, n.4. Thus, the parties have stipulated to those two facts, and this Court may consider those two facts. *See Monsour's, Inc. v. Menu Maker Foods, Inc.,* 381 F. App'x 796, 802 (10th Cir. 2010) (unpublished opinion) (defendant's subsequent stipulation to facts made it proper for the district court to have considered those facts established on summary judgment). But this Court may *not* consider any other facts alleged in the Written Reprimand, because Butler expressly disagrees with, and does not stipulate to, those other facts.

Thus, because Defendants failed to present the Written Reprimand to either the district court or this Court, this Court should not consider the Written Reprimand.

**B.     IN THE MOTION TO DISMISS, DEFENDANTS COULD NOT USE FACTUAL ALLEGATIONS IN THE WRITTEN REPREMEND TO REFUTE FACTUAL ALLEGATIONS IN THE COMPLAINT**

Furthermore, as Butler argued in the district court (Aplt. App. at 32–33), the district court could not have considered the Written Reprimand without converting the motion to dismiss into a motion for summary judgment.

When ruling on a motion to dismiss, "[g]enerally, the sufficiency of a complaint must rest on its contents alone."  *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).  One of the exceptions to this principle is that the district court may consider "'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Id.* (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)). However, even under this *Jacobsen* exception, such documents cannot be used to refute factual assertions in the complaint or to resolve disputed factual issues, unless the motion to dismiss is converted to a motion for summary judgment.  *Id.*

Here, notwithstanding Defendants' argument (*see* Answer Brief, p. 4 n.1), the Written Reprimand does not fall within the *Jacobsen* exception.  Rather, Defendants attempt to use the Written Reprimand to refute factual assertions and

4

resolve disputed factual issues, which Defendants cannot do at this early stage. *See Gee*, 627 F.3d at 1186.

For example, Butler's complaint alleges that at the child custody hearing, he was asked the hours of operation of the San Miguel County Road and Bridge Department, and he responded truthfully. Aplt. App. at 10, ¶ 18–19. Defendants try to use the Written Reprimand to refute this factual allegation, alleging that Butler's testimony on this point was inaccurate and misleading. Answer Brief, p. 5.

In the context of a motion to dismiss, this Court must take the factual allegations in the complaint as true. Contested issues of fact should be resolved only after the parties have has an opportunity to conduct discovery. Defendants cannot use an external document – specifically, a Written Reprimand that they themselves wrote, and that contains their own hearsay statements – to refute the factual allegations that Butler makes in his complaint. Motions to dismiss are designed to test the sufficiency of a complaint, not to resolve factual disputes. *See Sylvia v. Wisler*, 875 F.3d 1307, 1313 (10th Cir. 2017) (in reviewing the grant of a Fed. R. Civ. P. 12(b)(6) motion, this Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff" (quotations omitted)).

For these reasons as well, this Court should not consider the Written Reprimand.

## II. BUTLER'S TRUTHFUL COURT TESTIMONY AT A CHILD CUSTODY HEARING WAS SPEECH ON A MATTER OF PUBLIC CONCERN

### A. THE TENTH CIRCUIT HAS CLEARLY ESTABLISHED THAT TRUTHFUL COURT TESTIMONY IS SPEECH ON A MATTER OF PUBLIC CONCERN

"The law is clearly established that the 'First Amendment protects the right to testify truthfully at trial.'" *Langley v. Adams County, Colo.,* 987 F.2d 1473, 1479 (10th Cir.1993) (quoting *Melton v. City of Oklahoma City*, 879 F.2d 706, 714 (10th Cir. 1989) (*Melton I*), *overruled in part on other grounds on rehearing en banc*., 928 F.2d 920 (10th Cir. 1991) (*Melton II*)).  Citing and quoting this statement in *Langley*, a subsequent panel of this Court stated, "Decisions of this circuit have *held* that the right to testify truthfully is clearly established."  *Worrell v. Henry*, 219 F.3d 1197, 1215 (10th Cir. 2000) (emphasis added).

Yet Defendants argue that this was dicta, not the holding, in *Langley* and *Worrell*.  That is, Defendants argue that truthful trial testimony is not *per se* a matter of public concern subject to First Amendment protection, because the question was not "at issue" in *Langley* and *Worrell*.  Answer Brief, pp. 17, 19.  Butler disagrees.

"'[A] panel of this court is bound by a holding of a prior panel of this court but is not bound by a prior panel's dicta." *Thompson v. Weyerhaeuser Co.*, 582 F.3d 1125, 1129 (10th Cir. 2009) (quoting *Bates v. Dep't of Corr.,* 81 F.3d 1008, 1011 (10th Cir. 1996)). "Dicta are 'statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand.'" *Id.* (quoting *Rohrbaugh v. Celotex Corp.,* 53 F.3d 1181, 1184 (10th Cir. 1995)). "[A] holding consists of those propositions along the chosen decisional path or paths of reasoning that (1) are actually decided, (2) are based upon the facts of the case, and (3) lead to the judgment. If not a holding, a proposition stated in a case counts as dicta." *Id.* (quoting Michael Abramowicz and Maxwell Stearns, *Defining Dicta,* 57 Stan. L. Rev. 953, 1065 (2005)).

Here, the above-quoted statements in *Langley* and *Worrell* were on issues actually decided, based on the facts of the case, and led to judgment.

For example, in *Worrell*, the Court twice addressed whether Worrell's speech was protected by the First Amendment. 219 F.3d at 1206, 1215–16. Specifically, the Court addressed that issue when deciding (1) whether the trial court erred in granting summary judgment to the potential employer, *id.* at 1206; and (2) whether the trial court should have granted governmental immunity to a

non-employer defendant, Turner, an issue that the trial court did not reach, *id.* at 1215–16.

When the Court first addressed the issue, its decision was arguably dicta, because the Court observed that "the parties agree that Mr. Worrell's testimony, which concerned proper arrest procedures, addressed a matter of public concern." *Id.* at 1206.

When the Court addressed the issue the second time, however, its decision was clearly part of the holding. *See id.* at 1215–16. The second time, Worrell had to meet a more difficult standard in proving that his speech was protected: unlike the first time (which concerned summary judgment), the second time (concerning qualified immunity) Worrell had to prove that the law was *clearly established* that his truthful trial testimony was protected. *See id.* at 1215.

In resolving the qualified immunity issue, this Court did not say merely that the law was clearly established that truthful trial testimony *on arrest procedures* is protected by the First Amendment. This Court went further. Drawing upon this Circuit's precedent involving employees' First Amendment claims against their employers, the *Worrell* Court stated, "Decisions of this circuit have *held* that the right to testify truthfully is clearly established." *Id.* at 1215 (citing *Langley*, 987 F.2d at 1479, and *Lytle v. City of Haysville*, 138 F.3d 857, 864 n.2 (10th Cir. 1998)). The *Worrell* Court then went on to conclude, "Because the right to testify

truthfully is clearly established, Mr. Turner is not entitled to qualified immunity on this record." *Id.* at 1216 (citing *Langley*, 987 F.2d at 1479; *Lytle*, 138 F.3d at 864 n.2; and *Melton I*, 879 F.2d at 714).

Thus, the clearly-established First Amendment protection of truthful testimony was necessary to the judgment on qualified immunity against Turner. If that First Amendment protection was at all in doubt, the *Worrell* Court could not have concluded that the law was clearly established. At the very least, the *Worrell* Court would have needed to remand the issue to the trial court, rather than resolving the qualified immunity issue for the first time on appeal.

Furthermore, the clearly-established First Amendment protection of truthful testimony was actually decided. Nowhere does the *Worrell* opinion say that Turner conceded that this law was clearly established. *See id.* at 1215 (merely observing that "the defendants raised the issue of qualified immunity in their summary judgment motions"). Absent such a concession, the *Worrell* Court needed to decide the issue. And the *Worrell* Court knew that the Circuits were split on the issue of whether truthful trial testimony is *per se* a matter of public concern: earlier in the opinion, the *Worrell* Court had chosen to rely on the reasoning of those Circuits, the Third and the Fifth, expressly declining to follow the Seventh Circuit and holding that truthful trial testimony is *per se* a matter of public concern. *See id.* at 1204–05 (citing *Johnston v. Harris Cty. Flood Control*

*Dist.*, 869 F.2d 1565 (5th Cir. 1989), and *Pro v. Donatucci,* 81 F.3d 1283, 1291 (3d Cir. 1996)).

Accordingly, *Worrell* and *Langley* demonstrate that, in the Tenth Circuit, it is clearly established that truthful trial testimony is *per se* on a matter of public concern, protected by the First Amendment.

This Court should not be persuaded otherwise by the Defendant's argument based on *Connick v. Myers*, 461 U.S. 138 (1983). Specifically, Defendants argue (at Opening Brief, pp. 20–21) that truthful court testimony cannot be *per se* regarding a matter of public concern, because "[w]hether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Connick*, 461 U.S. at 147–48. If Defendants were right, then, after *Connick*, no Circuit could have adopted the *per se* rule. That is not the case, because even after *Connick*, the Third and Fifth Circuits made very clear that they were adopting such a rule. *See Johnston*, 869 F.2d at 1578 ("When an employee testifies before an official government adjudicatory or fact-finding body he speaks in a context that is inherently of public concern."); *Pro*, 81 F.3d at 1290–91 (agreeing with the Fifth Circuit that "a public employee's truthful testimony before an adjudicatory body is inherently a matter of public concern protected by the First Amendment").

For these reasons, the law is clearly established that in the Tenth Circuit, truthful trial testimony is *per se* on a matter of public concern. Thus, the trial court erred in concluding that Butler's truthful trial testimony was not on a matter of public concern.

**B.    IN THE ALTERNATIVE, THE LAW IS CLEARLY ESTABLISHED THAT TRUTHFUL COURT TESTIMONY ABOUT CHILD CUSTODY IS SPEECH ON A MATTER OF PUBLIC CONCERN**

This Court has never concluded, under any circumstances, that any particular truthful court testimony was not on a matter of public concern. To the contrary, as noted above, this Court has repeatedly stated, "The law is clearly established that the 'First Amendment protects the right to testify truthfully at trial.'" *Langley,* 987 F.2d at 1479 (quoting *Melton I*, 879 F.2d at 714).

More specifically, in this Circuit, when a plaintiff truthfully testified about arrest procedures, the truthful testimony was on a matter of public concern. *See Lytle*, 138 F.3d at 863. Also, when a plaintiff truthfully testified in support of a former co-worker's wrongful termination trial against their governmental employer, the truthful testimony was on a matter of public concern. *See Langley*, 987 F.2d at 1479. And when a plaintiff truthfully testified to clear his name and respond to a charge of public corruption, the truthful testimony was on a matter of public concern. *See Deutsch v. Jordan*, 618 F.3d 1093, 1101 (10th Cir. 2010). As this Court observed, "Affording constitutional protection to the truthful testimony

11

of public employees protects both employees' interest in free expression and the judicial system's interest in arriving at the truth." *Worrell*, 219 F.3d at 1205.

Yet Defendants ask this Court to hold, for the first time, that because of certain testimony's subject matter — namely, testimony at a child custody hearing — the truthful court testimony was not on a matter of public concern. Defendants do not point to any case from any jurisdiction concluding that any court testimony on any subject matter — let alone court testimony on a matter as important as the custody of children — was not on a matter of public concern. Instead, Defendants merely point to two unpublished, out-of-jurisdiction district court orders and a state court opinion that mention child custody when analyzing whether petitioning the government or speaking out-of-court was on a matter of public concern. *See* Answer Brief, pp. 15–16 (citing *Strugss v. City of New York*, pp. 8–9 (E.D.N.Y. No. 12CV4396, May 31, 2013) (unpublished order); *Wyatt v. Phila. Hous. Auth.*, 2016 WL 807755, *3 n.14 (E.D. Pa. No. 15-2259, March 1, 2016) (unpublished opinion); *Kerin v. Bd. of Educ.*, 860 P.2d 574, 583-84 (Colo. App. 1993)).

None of those three cases is on-point. First, in *Kerin*, a teacher developed a father-and-son-type of relationship with a student, with the permission of the student's mother. 860 P.2d at 576. Then, however, the teacher and mother had a falling out. *Id.* at 577. The teacher petitioned the government to gain custody of the child, and the mother accused the teacher of sexually abusing the child. *Id.* To

12

publicize his side of the story, the teacher placed signs on his home, wrote letters to the editor, and appeared on radio talk shows. *Id.* at 578. Thereafter, his employer, the school, terminated him for (1) misconduct in his relationship with the child; (2) the allegations of sexual abuse; and (3) bringing attention to himself such that parents questioned his fitness to teach. *Id.*

In the administrative proceedings that followed, the hearing officer rejected the teacher's First Amendment claim against the school. *Id.* at 583–84. The hearing officer concluded, and the Colorado Court of Appeals agreed, that the petition to obtain child custody was a purely private matter and that the district's interest outweighed that of the teacher in "petition[ing] for custody of a student with whom he has entered into a personal relationship." *Id.* at 584. As for the letter to the editor and talk show appearances, the hearing officer concluded that they *were* on matters of public concern and the school district's interests *did not* outweigh the teacher's free speech interest. *Id.* at 583. However, the hearing officer also concluded, and the Court of Appeals agreed, that the teacher's speech was not a substantial motivating factor in dismissing that teacher, that is, that the school would have terminated the teacher even if he had not engaged in the protected speech. *Id.* at 584.

Here, Butler was not seeking his own custody of a child, let alone petitioning the government for that custody. Rather, he was appearing and testifying truthfully

at the child custody hearing between other people who were seeking such custody. Such truthful trial testimony aids "the judicial system's interest in arriving at the truth." *Worrell*, 219 F.3d at 1205. Thus, even more so than the letter to the editor and the talk show appearances in *Kerin*, Bulter's truthful trial testimony about child custody was speech on a matter of public concern.

Second, in *Strugss*, a police officer had an acrimonious relationship with the mother of his daughter over issues related to child support and visitation. *Strugss*, p. 2. In connection with these issues, he filed "numerous complaints of criminal wrongdoing against certain officials of the Family Court, New York State Division of Child Support Enforcement, and New York Child Support Office." *Id.* Later, he alleged that his employer retaliated against him for filing these complaints. *Id.* at 8. The district court concluded that the complaints were not on a matter of public concern because they related to his "private concerns with the mother of his daughter regarding child custody, child support, and visitation." *Id.* at 8.

Here, in contrast, Butler did not petition the government over any issue related to his own efforts to obtain child custody. Rather, he appeared and testified truthfully at a child custody proceeding, even though he was not making any effort to obtain custody of any child.

Third, in *Wyatt*, a public employer required an employee to move into the county. *Wyatt*, at *1. The employee spoke out about that residency requirement at

a union meeting, making the union leaders hostile to him. *Id.* Later, the employer

asked the employee for a letter explaining why he could not comply with the

residency requirement. *Id.* The employee responded, stating that he could not

move into the county and still keep joint custody of his daughter. *Id.* The employer

ultimately terminated the employee for failing to comply with the residency

requirement. *Id.*

The employee claimed that, in violation of his First Amendment rights, the

employer terminated him for speaking at the union meetings about the residency

requirement. *Id.* at *3. The Court concluded that the employee's testimony in

those union meetings was not on a matter of public concern, because it was

testimony about the applicability of a residency requirement with which he could

not comply. *Id.* Then, in a footnote, the Court "infer[red] from the Complaint that

Plaintiff knew he would be unable to comply with the residency requirement . . .

due to the term of a child custody order from the New Jersey courts." *Id.* at *3

n.14. The Court opined that this was a purely personal matter and not a matter of

public concern. *Id.*

Here, Butler was testifying in court, not speaking at a union meeting. He

was not speaking about any internal personnel dispute with his employer. The

subject of child custody is not merely "infer[red]" from his speech. Rather, he was

asked to testify at the child custody hearing, he complied, and he testified truthfully

at that court proceeding.  Thus, his truthful trial testimony was on a matter of public concern.

In contrast to the three cases cited by Defendants, Butler's opening brief Butler pointed to a federal circuit court case specifically holding that truthful court testimony on child custody was speech on a matter of public concern.  *See Wright v. Illinois Dep't of Children & Family Servs*., 40 F.3d 1492, 1506–07 (7th Cir. 1994).

*Wright* is especially compelling precedent for three reasons.  First, the *Wright* Court *expressly declined* to adopt the rule that truthful court testimony is *per se* on a matter of public concern.  *Id.* at 1505.  Thus, even if this Court concludes that there is no *per se* rule in this Circuit, this Court should still follow the *Wright* Court and conclude that truthful court testimony about child custody is on a matter of public concern.

Second, the *Wright* Court concluded that only the plaintiff's truthful trial testimony about child custody, not her out-of-court speech about child custody, was on a matter of public concern.  *See id.* at 1503–04 (concluding that the plaintiff's written report sent to a judge and letter written to an attorney were not on a matter of public concern).  This Court should recognize that same distinction.  That is, the three cases cited by Defendants are all distinguishable because they

only involve mere out-of-court statements about child custody, not truthful trial testimony about child custody.

Third, in *Wright*, like here, the public employee was not speaking in support of his or her own efforts to obtain child custody. Rather, in *Wright*, like in the present matter, the public employee was truthfully testifying at a child custody hearing even though the public employee was not seeking custody of that child. *See id.* at 1497–98.

Furthermore, as the opening brief observed (pp. 19–20), the Colorado general assembly has stated that child custody is of statewide concern, by "urg[ing] parents to share the rights and responsibilities of child-rearing and to encourage the love, affection, and contact between the children and the parents." § 14-10-124, C.R.S. (2018); *see also, e.g.,* §§ 14-10-104.5, 14-10-123.7(1), & 19-3-100.5(1), C.R.S. (2018); *Gelfand v. Cherry Creek Sch. Dist.*, 2009 WL 8757859, at *10 (D. Colo. No. 07-CV-01923-CMA-CBS, June 10, 2009) (unpublished opinion and order) (concluding that a telephone call reporting child abuse was speech on a matter of public concern, partly because of "the fact that both the state and federal government have adopted legislation addressing issues of child abuse").

Here, Butler was not testifying on a private matter personal to him. He was not seeking custody and it was not his child. Rather, he was providing testimony on a matter of public interest in a judicial tribunal. Matters of child custody and

the safe and proper rearing of children are matters of statewide concern. And the testimony of third-parties is particularly important in these proceedings, because it may be harmful to have the children themselves testify. Thus, it is important for responsible adults to provide information to the court so it can reach a decision in the children's best interests.

"[Q]ualified immunity does not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Estate of Lockett v. Fallin*, 841 F.3d 1098, 1106 (10th Cir. 2016) (quotations omitted). Here, existing precedent placed the constitutional question beyond debate, because (1) Tenth Circuit authority recognized the First Amendment protections extended for truthful trial testimony, *see, e.g., Langley,* 987 F.2d at 1479; and (2) other circuit precedent is directly on-point, holding that truthful trial testimony at child custody proceedings is speech on a matter of public concern, *see Wright*, 40 F.3d at 1506–07.

Finally, for three reasons, this Court should not be persuaded otherwise by Defendants' assertions that Butler's speech was voluntary, not compelled by subpoena, and personal.

First, Butler's speech was neither wholly voluntary nor solely personal. Rather, as the complaint alleged, if Butler had not appeared at the hearing

voluntarily, he would have been served with a subpoena to appear. Aplt. App. at 10 (¶ 17).

Second, undersigned counsel knows of no case reasoning that just because a witness was not under subpoena, the witness's trial testimony was not on a matter of public concern. To the contrary, federal circuits have rejected such reasoning. For example, the Third Circuit concluded, "We can discern no reason why a voluntary appearance would eliminate the public interest. Therefore, we hold that Green's voluntary appearance as a character witness is a matter of public concern." *Green v. Philadelphia Hous. Auth.*, 105 F.3d 882, 887 (3d Cir. 1997); *see also Kaluczky v. City of White Plains*, 57 F.3d 202, 210 (2d Cir. 1995) ("Voluntarily appearing as a witness in a public proceeding or a lawsuit is a kind of speech that is protected by the First Amendment."). In reaching this conclusion, the Third Circuit observed, "[I]n practical terms it may be inconsequential whether a witness has been subpoenaed" because "one can 'volunteer' to receive a subpoena." *Green*, 105 F.3d at 886.

Third, as was explored in depth in the opening brief (pp. 24–25), a personal motive for testifying, standing alone, does not remove speech from First Amendment protection. *See Deutsch*, 618 F.3d at 1100 ("[T]he speaker's having a highly personal motive for a disclosure does not necessarily mean that the speech

is not a matter of public concern. Whistle blowers may often bear personal grudges.").

For these reasons, this Court should conclude that Butler's truthful trial testimony at a child custody hearing was speech on a matter of public concern.

## III. DEFENDANTS HAVE NOT SHOWN THAT THEIR INTEREST IN PROMOTING WORKPLACE EFFICIENCY OUTWEIGHED BUTLER'S FREE SPEECH INTEREST

"[T]he only public employer interest that can outweigh a public employee's recognized speech rights is the interest in avoiding direct disruption, *by the speech itself,* of the public employer's *internal* operations and employment relationships." *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1207 (10th Cir. 2007) (quotations omitted, emphasis in original).

When the public employee's right is his interest in providing truthful trial testimony, the disruption to the workplace must be "extreme." *Worrell*, 219 F.3d at 1207. "'[T]ruthful trial testimony is unlikely to impair discipline by immediate superiors, interfere with the regular operation of the enterprise or impede the [employee's] performance of his daily duties." *Id.* at 1206 (quoting *Melton I*, 879 F.2d at 714). Thus, a public employee's truthful trial testimony is entitled to "heightened" protection under Tenth Circuit precedent. *Id.* at 1209.

Here, Defendants have not shown any potential for disruption from Butler's speech, let alone the type of extreme disruption necessary to counterbalance

Butler's interest in providing truthful trial testimony. As the parties have stipulated, Butler did not even work in the same district as the co-worker at whose child custody hearing Butler was testifying. Given that Butler and the co-worker did not work in close proximity, Butler's testimony was unlikely to create any workplace disruption at all, let alone disruption so extreme as to justify his demotion.

This Court should not be persuaded otherwise by any of Defendants' arguments, because all of them hinge on disputed factual issues. As an example, Defendants assert the following:

> Mr. Butler's misleading testimony at the court hearing implying he had authority over an employee whom he actually had no such authority, impaired harmony among his co-workers and subordinates and impacted the effective functioning of the department. When Mr. Butler testifies that the department hours are "x," and the job requirements set by the employee's supervisor are actually "y," and this testimony impacts the employee's parenting rights of his child, this creates workplace conflict that will permeate throughout the workforce and create hostility and dissension between the employees and management.

Answer Brief, p. 25.

Butler disputes all of these factual assertions. His testimony was truthful. It was not misleading. His testimony never implied that he had authority over the co-worker. His testimony did not misrepresent any worker's schedule. Butler does

not know of any actual workplace disruption created by his testimony, let alone disruption so extreme as to permeate throughout the entire workforce.

At this stage – that is, when resolving a motion to dismiss for failure to state a claim – all of these factual disputes must be resolved in Butler's favor. *See Sylvia*, 875 F.3d at 1313.

In *Melton I*, this Court concluded that an employee's interest in providing truthful trial testimony "easily outweigh[ed]" the employer's interest in preventing workplace disruption, especially because the governmental employer "offered no evidence that [the employee's] trial testimony affected the operation of the enterprise." 879 F.2d at 714–15. This Court should reach the same conclusion here. Defendants have only offered bald assertions of workplace disruption, and Butler disputes all those assertions.

Thus, this Court should conclude that Defendants have not carried their burden of demonstrating that their interests in avoiding workplace disruption outweighed Butler's interest in providing truthful trial testimony. Alternatively, if this Court determines that it does not have enough factual information to resolve this issue, then this Court should order that the parties be permitted to conduct discovery on this issue and that Defendants be permitted to raise this issue again in a summary judgment motion.

## IV.    CONCLUSION

For these reasons, Butler requests that this Court hold, first, that Butlers' truthful court testimony at the child custody hearing was speech on a matter of public concern, protected by the First Amendment.  This Court should also hold, second, that Defendants have not carried their burden of demonstrating that their interest in workplace efficiency outweighed Butler's free speech interest. Alternatively, if this Court determines that it does not have enough factual information to resolve this second issue, then this Court should order that the parties be permitted to conduct discovery on this second issue and that Defendants be permitted to raise this issue again in a summary judgment motion.

Butler further requests that, based on these two holding, this Court reverse the district court's dismissal of Butler's section 1983 claim against Horner and Howard.

Respectfully submitted this 5th day of April, 2018.

*/s/ Benjamin P. Meade*_____
Nicholas W. Mayle, Esq.
Damon Davis, Esq.
Benjamin P. Meade, Esq.
Killian Davis Richter & Mayle, P.C.
Attorneys for Appellant Jerud Butler
202 North 7th Street
Grand Junction, CO 81501
970-241-0707
ben@killianlaw.com

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

> This brief contains 5,275 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

> This brief has been prepared in a proportionally spaced typeface using Microsoft Word version 14 in 14 point times new roman font

Date: April 5, 2018

*/s/ Benjamin P. Meade*_____
Nicholas W. Mayle, Esq.
Damon Davis, Esq.
Benjamin P. Meade, Esq.
Killian Davis Richter & Mayle, P.C.
Attorneys for Appellant Eugene Foster
202 North 7th Street
Grand Junction, CO 81501
970-241-0707
ben@killianlaw.com

**CERTIFICATE OF DIGITAL SUBMISSION**

I hereby certify that with respect to the foregoing:

(1) all required privacy redactions have been made per 10th Cir. R. 25.5;

(2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents;

(3) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, {MalwareBytes Premium Version 3.4.4; Updated 3/12/2018}, and according to the program are free of viruses.

*/s/ Benjamin P. Meade*_____
Nicholas W. Mayle, Esq.
Damon Davis, Esq.
Benjamin P. Meade, Esq.
Killian Davis Richter & Mayle, P.C.
Attorneys for Appellant Eugene Foster
202 North 7th Street
Grand Junction, CO 81501
970-241-0707
ben@killianlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2018, I electronically filed the foregoing using the court's CM/ECF system.

Jeffrey L. Driscoll, Esq. (jdriscoll@wth-law.com)


Date: June 5, 2018

*/s/Benjamin P. Meade* _____
Nicholas W. Mayle, Esq.
Damon Davis, Esq.
Benjamin P. Meade, Esq.
Killian Davis Richter & Mayle, P.C.
Attorneys for Appellant Jerud Butler
202 North 7th Street
Grand Junction, CO 81501
ben@killianlaw.com
970-241-0707