**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**

JERUD BUTLER,

Plaintiff-Appellant,

v.

BOARD OF COUNTY COMMISSIONERS for San Miguel County;
MIKE HORNER, in his individual capacity; and
KRISTL HOWARD, in her individual capacity.

Defendants-Appellees.

No. 18-1012

---

On Appeal from the United States District Court
For the District of Colorado
The Honorable Judge Wylie Y. Daniel
D.C. No. 17-cv-00577-WYD-GPG

---

# APPELLEES' RESPONSE TO APPELLANT'S PETITION FOR REHEARING EN BANC

---

JEFFREY L. DRISCOLL, Reg. No. 21825
Williams, Turner & Holmes, P.C.
744 Horizon Court, Suite 115
Grand Junction, CO 81506
Telephone: (970) 242-6262
FAX: (970) 241-3026
E-mail: jdriscoll@wth-law.com

Defendants-Appellees, Mike Horner and Kristl Howard, respond to Appellant's Petition for Rehearing En Banc as follows:

## SUMMARY OF DISPUTE

Appellant, Jerud Butler, was employed by the San Miguel County road and bridge department as a district supervisor. Aplt. App. at 8 (¶¶ 2, 14). Appellant voluntarily testified as a character witness on behalf of his sister-in-law in a child custody dispute against another employee, who was her ex-husband. Aplt. App. at 10 (¶¶ 15, 16, 17). Appellant did not testify about exposing wrongdoing, corruption, impropriety, or other malfeasance by Appellees or any other county official, or their failure to properly discharge their governmental responsibilities. (*See Complaint, Aplt. App. at 8-14, generally*.)

Based on the second prong of the *Garcetti/Pickering* test[1], both the district court and the panel concluded that, under the whole record, Appellant's speech was not on a matter of public concern and therefore not constitutionally protected. Majority Opinion, pp. 2-3.

## ARGUMENT

Appellant sought to establish a bright-line rule that testimony in court is constitutionally protected speech per se without regard to the content of the speech,

---

[1] *Garcetti v. Ceballos*, 547 U.S. 410, 126 S. Ct. 1951, 164 L. Ed. 2d 689 (2006); *Pickering v. Bd. of Educ.*, 391 U.S. 563, 88 S. Ct. 1731, 20 L. Ed. 2d 811 (1968).

in contradiction to Tenth Circuit and Supreme Court precedence, or, factually, his testimony was on a matter of public concern. The panel's decision rejecting Appellant's argument does not conflict with previous decisions of the Tenth Circuit nor does it involve a question of exceptional importance. Appellant's Petition for Rehearing En Banc should be denied.

## I. THE PANEL'S DECISION DOES NOT CONFLICT WITH PREVIOUS DECISIONS OF THIS CIRCUIT.

No prior decision of this circuit has explicitly held that testifying in court is protected speech per se without regard to the content of the speech. The panel's decision conforms with Tenth Circuit and Supreme Court precedence declining to establish a per se rule. Generalized dicta in factually dissimilar cases relied on by Appellant does not hold otherwise.

"[P]ublic concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Connick v. Myers*, 461 U.S. 138, 147-48, 75 L.Ed. 2d 708, 103 S. Ct. 1684 (1983). In contradiction to Appellant's argument, "what is *actually said* on a topic is the crux of the public concern content inquiry." *Wren v. Spurlock*, 798 F.2d 1313, 1317 n.1 (10th Cir. 1986), *cert denied*, 479 U.S. 1085, 107 S. Ct. 1287, 94 L. Ed. 2d 145 (1987) (emphasis in original).

In 2010 in *Deutsch v. Jordan*, 618 F.3d 1093, 1103 n.1 (10th Cir. 2010), this circuit recognized the general debate among the circuits whether trial testimony is per se a matter of public concern. At the time of the *Deutsch* decision, this circuit's precedents had not explicitly adopted a per se rule and the *Deutsch* court declined to enter the debate. *Id*. One of the two cases relied upon by Appellant as conflicting with the decision in the present matter, *Worrell v. Henry*, 219 F.3d 1197 (10th Cir. 2000), was decided prior to *Deutsch*.

Then, in 2014 the Supreme Court in *Lane v. Franks*, 134 S. Ct. 2369, 189 L. Ed. 2d 312 (2014) applied the holding of *Connick* that the content of speech is to be considered in addition to the form and context for determining whether speech is on a matter of public concern. *Id.* at 2380. The content of the speech at issue in *Lane* addressed corruption in a public program and misuse of state funds which "obviously involves a matter of significant public concern." *Id*. "[T]he form and context of the speech – sworn testimony in a judicial proceeding – fortify that conclusion." *Id*.

In 2017, in *Helget v. City of Hays*, 884 F.3d 1216, 1227-29 (10th Cir. 2017) (Tymkovich, C.J., concurring), it was again noted that Tenth Circuit and Supreme Court precedence up to that point still had not explicitly adopt a rule that testifying in court was protected speech per se without regard to the content of the speech.

Both *Worrell* and the other case relied upon by Appellant as conflicting with the panel's decision, *Leverington v. City of Colorado Springs*, 643 F.3d 719 (10th Cir. 2011), were decided before the *Helget* case as well as *Lane*.

*Worrell v. Henry*, 219 F.3d 1197 (10th Cir. 2000) did not hold that the content of speech is not to be considered for determining whether trial testimony is a matter of public concern. In *Worrell*, the "public concern" prong was not at issue. ("In this case, the parties agree that Mr. Worrell's testimony, which concerned proper arrest procedures, addressed a matter of public concern.") *Id*. at 1206. "[T]he court [in *Worrell*] did not address whether the form and context of the testimony, standing alone, compelled a finding that the plaintiff's speech was a matter of public concern." *Helget*, 844 F.3d 1216 (concurrence, n.1).

Instead, this circuit resolved *Worrell* in favor of the prospective employer defendant on the *Pickering*[2] balancing test between the employer's interest in fostering efficiency in the work place versus the employee's free speech interest. *Worrell*, 219 F.3d at 1201, 1216. As to the non-employer defendants, the court in *Worrell* concluded the *Pickering* balancing test does not apply to individuals who are neither the plaintiff's employer nor parties to a contract with the plaintiff.

In contrast to *Worrell*, the present matter did involve Appellant's employer and so the "test" enunciated in *Worrell* for whether a plaintiff may bring a § 1983

[2] *Worrell* was decided prior to *Garcetti*.

claim against non-employers is irrelevant to resolution of the present matter. Rather, the *Worrell* test was adopted as an alternative to the *Pickering* balancing test to be applied in the non-employer context. *Worrell*, 219 F.3d at 1212-13.

The panel's decision also does not conflict with *Leverington*, 643 F.3d 719. In *Leverington*, the plaintiff had claims against her employer as well as against a non-employer. The court in *Leverington* applied the *Garcetti/Pickering* test to the claims against the employer, and the *Worrell* test to the claims against the non-employer. While *Leverington* was resolved on the public concern prong as to the employer, the speech at issue was factually different from the present matter as it involved a comment made during a traffic stop. *Leverington* did not address, much less hold, that truthful trial testimony is per se a matter of public concern without regard to the content of the speech. As to the non-employer claims, the *Leverington* court declined to decide whether the public-concern test applies in the context of a *Worrell* inquiry. *Id*. at 734.

In this Petition, like with the panel, Appellant is again relying on generalized dicta from cases which bear no factual similarity to the matter at issue, i.e., whether the "content" factor is per se removed from the public concern prong when speech involves trial testimony.

Appellant's argument is incorrect that *Lytle v. City of Haysville*, 138 F.3d 857 (10th Cir. 1998) supports the general proposition that the right to testify truthfully is per se clearly established as a matter of public concern without analysis of the content of the speech. While multiple instances of speech were at issue in *Lytle*, court testimony was not considered or relied upon for the holding that the plaintiff's speech was on a matter of public concern.

Appellant also misconstrues the holding in *Langley v. Adams County*, 987 F.2d 1473 (10th Cir. 1993) as standing for the proposition that testimony in court, without regard to the content, is per se protected speech. Like *Worrell*, the public concern prong of the *Garcetti/Pickering* test was not at issue in *Langley*. *Id*. at 1479, ("Defendants do not dispute that plaintiff's speech was on matters of public concern"). Accordingly, dicta by the court that the *First Amendment* protects the right to testify truthfully at trial was just a generalized statement and the court did not explicitly hold testifying at trial is protected speech per se without regard to the content of the speech.

Appellant's reliance on *Melton v. City of Oklahoma City*, 879 F.2d 706 (10th Cir. 1989) *overruled in part on other grounds*, 928 F.2d 920 (10th Cir. 1991) (en banc), suffers from the same deficiency. The court in *Melton* devoted substantial analysis to the content and purpose of the plaintiff's testimony and the court also

did not establish a bright line rule that testifying in court is per se a matter of public concern without regard to the content of the speech. Further, the facts are substantially different. At issue in *Melton* was testimony at the criminal trial of a judge being prosecuted for malfeasance in the performance of his public duties. In contrast, the present matter involved character testimony for a family member in a private child custody dispute in which no claim of malfeasance in the performance of public duties was at issue.

The panel's decision follows both this circuit's and the Supreme Court's prior decisions declining to establish a per se rule, and, instead, holding that content is to be considered along with the form and context of a given statement, as revealed by the whole record on a case-by-case basis. Appellant's request for rehearing because of a conflict with previous decisions is unsupported and the request should be denied.

## II. THE PANEL'S DECISION DOES NOT INVOLVE A QUESTION OF EXCEPTIONAL IMPORTANCE.

Appellant's Petition should be denied because the panel's decision does not reach the high standard of resolving only questions of exceptional importance for rehearing en banc. *10th Cir. R. 35(b)(1)(B).*

The panel's decision follows this circuit's precedence in *Deutsch,* 618 F.3d at 1099-1101, and *Helget,*844 F.3d at1227-1230 (concurring opinion), that this

circuit has historically followed *Connick* which holds that "public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Connick*, 461 U.S. at 147-48.

The Supreme Court in *Lane* "granted certiorari to resolve discord among the Courts of Appeals as to whether public employees may be fired – or suffer other adverse employment consequences – for providing truthful subpoenaed testimony outside the course of their ordinary job responsibilities." *Id*. at 2377 (internal citations omitted). Although *Lane* presented an opportunity for the Supreme Court to explicitly adopt a rule that testimony in court is protected speech per se without regard to its content, the Supreme Court declined to do so.

Instead, the Supreme Court cited *Connick* and explicitly applied the analysis mandated by it. *Lane*, 134 S. Ct. at 2380. The content of the testimony – corruption in a public program and misuse of state funds - was a critical component of the Court's analysis. *Id*. If *Lane* is interpreted as resolving a split among the circuits, it resolved it in the manner followed by this circuit and this panel – the content of speech must be considered in addition to the form and context.

Appellant's reliance on the unpublished Fifth Circuit opinion in *Lumpkin v. Aransis Cty*., 712 F. App'x 350 (5th Cir. 2017) is unhelpful. Unpublished opinions

are not binding precedent. *Donner v. Nicklaus*, 778 F.3d 857 n.7 (10th Cir. 2015); 10th Cir. R. 32.1.

Even though *Connick* and *Lane* are dispositive, the panel nonetheless addressed the Third and Fifth Circuits' deviation from precedence prior to *Lane* (Majority Opinion, fn. 4), and also addressed the majority of circuits (Fourth, Seventh, Eighth and Eleventh) which, like this circuit, follow *Connick*. Majority Opinion, pp. 12-17.

Appellant again misinterprets the holding in *Worrell* as following the Third and Fifth Circuit's per se rule. (Petition, p. 7) The court in *Worrell* discussed the Fifth Circuit's cases in the context of "provid[ing] an overview of the reasons for protecting government employees' testimony." *Worrell*, 219 F.3d at 1205. The court went on to address the inquiry necessary to do so, which included citing *Connick*, and then finding that it was stipulated that testimony on proper arrest procedures involves a matter of public concern. *Id*. at 1205-06. In later addressing the non-employer's defense of qualified immunity, the stipulated finding that the testimony involved a matter of public concern was inherent in that analysis. *Id*. at 1215-16.

Contrary to Appellant's argument (Petition, p. 11), a per se rule does not elevate form and context over content. Rather, a per se rule eliminates content, and

in doing so it conflicts with the mandate of *Connick* as applied in *Lane*.

Although the Dissent disagreed with the Majority's application of *Connick*, it also declined to extend a per se rule for trial testimony as urged by Appellant. *See generally* Dissenting Opinion. The Majority's holding does not artificially elevate content over form and context, rather, it recognizes that "what is *actually said* on a topic is the crux of the public concern content inquiry." *Wren*, 798 F.2d at 1317 n.1.

Nor does the panel's holding invite litigation in the Third and Fifth Circuits. The holding follows prior precedent of this circuit readily known to other circuits. See *Deutsch*, *Helget*. Had the panel not followed precedent, then in that circumstance it might be considered to have chartered a different course which other circuits may wish to consider in further evaluating the path those circuits choose to follow. The present decision affirms existing precedent, and in doing so, it does not raise a question of exceptional importance justifying en banc review.

## III. THE LEGAL STANDARD FOR DETERMINING WHETHER SPEECH ADDRESSES A MATTER OF PUBLIC CONCERN WAS NOT MODIFIED BY THIS DECISION.

"Courts construe public concern very narrowly." *Leverington v. City of Colorado Springs*, 643 F.3d 719, 727 (10th Cir. 2011). Appellant's interpretation of the legal standard would abrogate that narrow construction and is unsupported.

Appellant relies on the dissent's articulation that "in-court testimony establish[es] a significant presumption that the speech raises matters of public concern." (Judge Lucero Dissenting Opinion, p. 3.) This is a legal standard that has not been enunciated previously and was not supported by precedent by either the dissent or Appellant.

The legal standard was first stated in *Connick* that "public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Connick*, 461 U.S. at 147-48.

"Speech involves matters of public concern 'when it can be fairly considered as relating to any matter of political, social, or other concern to the community, or when it is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public.'" *Lane*, 134 S. Ct. at 2380 (*citing Snyder v. Phelps*, 131 S. Ct. 1207, 1211, 179 L. Ed. 2d 172, 176 (2011)). "[S]peech which discloses any evidence of corruption, impropriety, or other malfeasance on the part of [government] officials clearly concerns matters of public import." *Dill v. City of Edmond*, 155 F.3d 1193, 1202 (10th Cir. 1998).

This circuit emphasizes that "what is *actually said* on a topic is the crux of the public concern content inquiry." *Wren*, 798 F.2d at 1317 n.1; accord *Morris v. City of Colo. Springs*, 666 F.3d 654, 661 (10th Cir. 2012)("In all cases, however, to

arrive at the crux of the public concern content inquiry, we must focus on what is actually said on the topic.")(internal quotations, citation omitted); *Wright v. Illinois Dep't of Children & Family Servs.*, 40 F.3d 1492, 1501 (7th Cir. 1994) ("We have stated that content is the most important factor, . . . ."). The court is to "focus on the motive of the speaker and attempt to determine whether the speech was calculated to redress personal grievances or whether it had a broader public purpose." *Woodward v. Worland*, 977 F.2d 1392, 1403 (10th Cir. 1992). "Matters solely of personal interest to government employees, however, are not protected by the *First Amendment*." *Dill v. City of Edmond*, 155 F.3d 1193, 1202 (10th Cir. 1998).

General public interest in the welfare of children does not alter this conclusion. "[T]his circuit has already indicated that what is of general interest to the public is not necessarily of public concern for *First Amendment* purposes." *Koch v. City of Hutchinson*, 847 F.2d 1436, 1445 (10th Cir. 1988) (en banc); *Morris*, 666 F.3d at 663 (a statement does not attain the status of public concern simply because its subject matter could, in different circumstances, have been the topic of a communication to the public that might be of general interest).

'"The focus is . . . upon whether the public or the community is likely to be truly concerned with or interested in the particular expression . . .'". *Koch*, 847

F.2d at 1445 (quoting *Berger v. Battaglia*, 779 F.2d 992, 998-99 (4th Cir. 1985)); *Wright v. Illinois Dep't of Children & Family Servs.*, 40 F.3d 1492, 1501 (7th Cir. 1994) ("[I]f the speech concerns a subject of public interest but the particular statement or expression only impacts personally upon the employee, then as a matter of law the speech is not of public concern.").

The child abuse case of *Wright*, 40 F.3d 1492, does not assist Appellant. The court in *Wright* specifically rejected the same type of argument being made by Appellant here, holding that "[a]lthough we share our colleagues' concern for the integrity of the judicial process, our cases have rejected a blanket rule according absolute *First Amendment* protection to communications made in the course of a lawsuit. . . . In short, airing private gripes in the form of . . . testimony cannot alter their status as private gripes." *Id*. at 1505.

Furthermore, the reference in *Wright* to preventing a government employee from testifying only in the rarest of cases was made in the context of the balancing of interests prong under the *Garcetti/Pickering* test, not whether the content, form and context of the speech addresses a matter of public concern prong that was at issue in the present matter.

The majority decided the case on well-established Tenth Circuit and Supreme Court precedence that the public concern inquiry is to be made on a case-

by-case basis based on analysis of the content, form and context of the speech as revealed by the whole record. The majority did not articulate or follow a legal standard which deviates from precedent and its decision does not raise a question of exceptional importance justifying en banc review.

In conclusion, the panel's decision does not conflict with previous decisions of the Tenth Circuit nor does it involve a question of exceptional importance on either of the bases posited by Appellant. Appellant's Petition for Rehearing En Banc should be denied.

Respectfully submitted this 1st day of May, 2019.

*s/Jeffrey L. Driscoll*
Jeffrey L. Driscoll
Attorneys for Defendants Board of County Commissioners for San Miguel County; Mike Horner and Kristl Howard
Williams, Turner & Holmes, P.C.
744 Horizon Court, Suite 115
Grand Junction, CO 81506
Telephone: (970) 242-6262
E-mail: jdriscoll@wth-law.com

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

This brief contains 3,122 words, excluding the parts of the brief exempted By Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

This brief has been prepared in proportionally spaced typeface using Microsoft Word version 2010 in 14-point Times New Roman font.

*s/Marlys Bernal*

Marlys Bernal, Legal Assistant
Williams, Turner & Holmes, P.C.
744 Horizon Court, Suite 115
Grand Junction, CO 81506
Telephone: (970) 242-6262

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

1) all required privacy redactions have been made per 10th Cir. R. 25.5;

2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents;

3) the digital submission has been scanned for viruses with the most recent version of a commercial virus scanning program, Webroot Secure Anywhere, Version 9.0.18.34, with updates happening every 15 minutes, and according to the program is free of viruses.

*s/Marlys Bernal*

Marlys Bernal, Legal Assistant
Williams, Turner & Holmes, P.C.
744 Horizon Court, Suite 115
Grand Junction, CO 81506
Telephone: (970) 242-6262
E-mail: jdriscoll@wth-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of May, 2019, a copy of the foregoing APPELLEES' RESPONSE TO APPELLANT'S PETITION FOR REHEARING EN BANC was furnished through the court's CM/ECF system which will send notification of such filing to the following:

Damon Davis
Nicholas Mayle
Benjamin Meade
KILLIAN DAVIS Richter & Mayle, PC
202 North 7th Street
Grand Junction, CO 81501
damon@killianlaw.com
nick@killianlaw.com
ben@killianlaw.com

*s/Jeffrey L. Driscoll*
Jeffrey L. Driscoll
Attorneys for Defendants Board of County Commissioners for San Miguel County; Mike Horner and Kristl Howard
Williams, Turner & Holmes, P.C.
744 Horizon Court, Suite 115
Grand Junction, CO 81506
Telephone: (970) 242-6262
E-mail: jdriscoll@wth-law.com